IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE MARTINEZ,                    :
      Petitioner,          :    CIVIL ACTION
                           :
      v.                   :
                           :
JAMES WYNDER,  et al.,            :
      Respondents          :    NO. 06-4453
                           :

<u>ORDER</u>

AND NOW, this 11th day of June, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the respondents' Response, and after review of the Report and Recommendation of Chief United States Magistrate Judge Charles B. Smith and the petitioner's objections to the Report and Recommendation, IT IS HEREBY ORDERED that:

1.    The petitioner's objections are OVERRULED;

2.    The Report and Recommendation is APPROVED and ADOPTED, with additional comments below;

3.    The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED with prejudice;

4.    There is no basis for the issuance of a certificate of appealability;

5.    The Clerk of Court shall mark this case closed for statistical purposes.

The crux of petitioner's claims is that his ability to raise a defense to the first-degree murder charge was hampered by

his attorney's failure to conduct a pre-trial interview with the aid of an interpreter.  He further alleges that he was denied his right to take the stand in his own defense.

The performance of the petitioner's trial counsel was not optimal.  The Pennsylvania Superior Court, reviewing the petitioner's PCRA petition, admonished him for conducting his initial interview without an interpreter.  Respondents' Response Ex. M at 7.  Further, the discussion between the petitioner and his lawyer about whether the petitioner should take the stand occurred for the first time in court, at the prompting of the trial court judge.

The Superior Court nonetheless concluded that the petitioner had failed to demonstrate that a reasonable probability existed that a jury would not have convicted him of first-degree murder but for his counsel's failure to interview him with an interpreter.  Id. at 8.  It also concluded that his ineffective assistance claim premised on his right to take the stand in his defense was also deficient, given his explicit affirmation that he understood his right to testify and declined to exercise that right.  Id. at 11.

Because the petitioner has still failed to offer what specific evidence the pre-trial interview should have revealed and because his waiver of his right to testify was explicit, the Superior Court did not unreasonably apply the governing legal

2

rules to the facts of the petitioner's case and his petition must be denied.  Williams v. Taylor, 529 U.S. 362, 407-08 (2000).

The petitioner suggests, for the first time in his objections to the Report and Recommendation, that the language barrier between him and his trial counsel amounted to a denial of his right to counsel under the Sixth Amendment.  Claims raised for the first time in objections to a Report and Recommendation are not properly before a district court and need not be considered.  Louder v. Patrick, 2007 WL 1576399 (W.D. Pa. 2007); Kingman v. Sobina, 2006 WL 1932309 (W.D. Pa. 2006); Ramos v. Kyler, 2004 WL 828363 (E.D. Pa. 2004); McClure v. Wilson, 2003 WL 23194654 (E.D. Pa. 2003).  Further, the claim is procedurally defaulted.  The claim was not raised on direct appeal or in the PCRA proceeding, and the plaintiff has not shown cause for the failure nor explained how a fundamental miscarriage of justice would result from a refusal to consider the claim.  See Cristin v. Brennan, 281 F.3d 404 (3d Cir. 2002).

Finally, the Court would reject the petitioner's claim even if considered on the merits.  No Court has held that the Sixth Amendment requires a court to appoint counsel fluent in the defendant's language.  Cf. Government of the Virgin Islands v. Martinez, 847 F.2d 125 (3d Cir. 1988)(stating that the defendant conceded that there was no such obligation).  The essence of the petitioner's claim is not that he was denied counsel but that his

3

lawyer erred in not asking for an interpreter for their initial interview.  For the reasons stated above and in the Report and Recommendation, this claim fails.

BY THE COURT:


/s/ Mary A. McLaughlin
Mary A. McLaughlin, J.